Justice Thomas,
concurring.
I write separately to note that I adhere to my view that statements like those made by the victim in this case do not implicate the Confrontation Clause. The contested evidence is indistinguishable from the statements made during police *378 questioning in response to the report of domestic violence in Hammon v. Indiana, decided with Davis v. Washington, 547 U. S. 813 (2006). There, as here, the police questioning was not “a formalized dialogue”; it was not “sufficiently formal to resemble the Marian examinations” because “the statements were neither Mirandized nor custodial, nor accompanied by any similar indicia of formality”; and “there is no suggestion that the prosecution attempted to offer [Ms. Avie’s] hearsay evidence at trial in order to evade confrontation.” See id., at 840 (Thomas, J., concurring in judgment in part and dissenting in part).
Nonetheless, in this case respondent does not argue that the contested evidence is nontestimonial, ante, at 358; the court below noted “no dispute” on the issue, 40 Cal. 4th 833, 841, 152 P. 3d 433, 438 (2007); and it is outside the scope of the question presented, Brief for Petitioner i. Because the Court’s opinion accurately reflects our Confrontation Clause jurisprudence where the applicability of that Clause is not at issue, I join the Court in vacating the decision below.